FILED

2018 FEB 21 PM 3: 16

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC DUBLIN,

       Plaintiff,

                                CASE NO.:

                                6:18-cv-262-ORL-22DCI

v.

D3 ENVIROSCAPE, LLC., a Florida
Limited Liability Company

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC DUBLIN ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, D3 ENVIROSCAPE, LLC., a Florida Limited Liability Company (hereinafter referred to as "Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.      At all times material hereto, Plaintiff was a resident of Orange County, Florida.

5.      At all times material hereto, Defendant was, and continues to be, a business operating in Orange County, Florida, at which Plaintiff worked.

6.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11.     At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13.     At all times relevant hereto, Defendant was primarily engaged in providing general contracting and landscape design services.

14.     At all times relevant hereto, Defendant had more than two employees.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for

commerce.

16.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

17.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

19.     Defendant hired Plaintiff to work as a day rate paid laborer, and Plaintiff was employed by Defendant from July 2015, until, September 2016.

20.     At various times during his employment, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

21.     During the relevant limitations period, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

22.     Instead, Defendant simply paid Plaintiff his day rate of $75 per work day and nothing more.

23.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

24.     Defendant violated Title 29 U.S.C. §207 in that:

     a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c.    Defendant failed to maintain proper time records as mandated by the FLSA.

25.    Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties rendered him exempt from overtime under the FLSA.

26.    Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties rendered him exempt from overtime under the FLSA.

27.    Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties rendered him exempt from overtime under the FLSA.

28.    Based on the allegations in Paragraphs 25-27, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

29.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30.    Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31.    During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32.    Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33.    Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

34.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

35.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

      a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

      b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime

award;

    d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of

the litigation pursuant to 29 U.S.C. §216(b);

    e.      Awarding Plaintiff pre-judgment interest; and

    f.      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 26th day of January, 2018.

/s/ *Noah E. Storch*

Noah E. Storch, Esquire
Florida Bar No. 0085476
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com
richard@floridaovertimelawyer.com

*Attorneys for Plaintiff*