

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC DUBLIN,

    Plaintiff,

v.                                 CASE NO.: 6:18-cv-262-Orl-22DCI

D3 ENVIROSCAPE, LLC,

    Defendants.

_____/

## SETTLEMENT AGREEMENT AND FLSA RELEASE

This SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made by and between ERIC DUBLIN ("DUBLIN") and D3 ENVIROSCAPE, LLC. ("D3") (collectively referred to as the "Parties").

WHEREAS, DUBLIN filed a lawsuit in the United States District Court, Middle District of Florida, Case No. 6:18-cv-262-Orl-22DCI, ("Lawsuit" or "Action") against DUBLIN alleging claims under the Fair Labor Standards Act ("FLSA").

WHEREAS, D3 denies it owes DUBLIN overtime compensation and unpaid wages or violated the FLSA, or violated any other law in any way; and

WHEREAS, the parties hereto desire to settle the claims for overtime compensation and unpaid wages in order to avoid the expense and distractions of litigation.

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **DUBLIN Releases D3 from All FLSA Claims Asserted in this Case.**

    a. DUBLIN knowingly and voluntarily releases and forever discharges D3 from all FLSA Claims asserted in this Lawsuit.

    b. If the Court approves this Agreement, DUBLIN shall dismiss with prejudice his claims by filing a stipulation of dismissal with prejudice, advising the Court only that they have resolved the issues under the FLSA; that all counsel of record agrees DUBLIN has been paid for all claims under the FLSA; and further, that the fees being paid to their counsel are reasonable.

    c. D3 makes no representation to DUBLIN or his attorneys as to whether any Settlement Sums are subject to taxation by any federal, state, local, or other taxing authorities. DUBLIN agrees to be solely and completely responsible for any taxes which he is legally responsible on the Settlement Sum to themselves or his attorneys. Moreover, DUBLIN agrees to indemnify D3 and hold it harmless from any taxes, penalties, or interest imposed against any Settlement Sum or as a result of any failure by DUBLIN to pay any taxes for which he is legally responsible on the Settlement Sum.

2. **Settlement Sum and Payments.**

    a. In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANT shall pay to PLAINTIFF the total sum of THIRTEEN THOUSAND DOLLARS AND ZERO CENTS ($13,000.00) ("Settlement Payment"), allocated as follows: This Settlement Payment shall be paid as follows:

        i. Within fourteen (14) days of the Court's approval of the terms of the Settlement Agreement and dismissal of the case with prejudice, the Defendant shall issue $2,000.00, less statutory withholdings, to DUBLIN for alleged back overtime wages and $3,500 to DUBLIN for

alleged liquidated damages. DUBLIN agrees to provide a current W-9 Form prior to the issuance of this check.

ii. Within fourteen (14) days of the Court's approval of the terms of the Settlement Agreement and dismissal of the case with prejudice, the Defendant shall issue 3,550.00 payable to Richard Celler Legal, P.A. for alleged attorney's fees and costs for which an IRS Form 1099 will be issued at the appropriate time. Richard Celler Legal has spent 59.1 hours at an hourly rate of $450.00 per hour. The law firm of Richard Celler Legal, P.A., agrees to provide a current W-9 Form prior to the issuance of this check.

iii. Within forty-five (45) days of the Court's approval of the terms of the Settlement Agreement and dismissal of the case with prejudice, the Defendant shall issue $3,950.00 payable to Richard Celler Legal, P.A. for alleged attorney's fees and costs for which an IRS Form 1099 will be issued at the appropriate time.

iv. DUBLIN understands and agrees that D3 would not make these payments but for DUBLIN entering into this Agreement.

vi. D3 and DUBLIN agree to consent to the jurisdiction of the United States Magistrate Judge for purposes of obtaining approval of the Settlement Agreement and dismissal of the case with prejudice.

vii. Donovan Williams agrees to serve as guarantor for all monies owed to Plaintiff pursuant to this agreement, and signs personally as well as authorized member/president of Defendant company herein.

3. **D3 Denies Any Liability or Wrongdoing.**

D3 denies any liability for DUBLIN'S FLSA Claims. By entering into this Agreement, D3 is not admitting any liability or wrongful conduct. D3 has agreed to enter into this Agreement to avoid the continued cost and uncertainty from litigating.

4. **Release**

In exchange for the consideration described in paragraph 2 above, DUBLIN releases D3 from any and all FLSA claims or demands DUBLIN has asserted in this action (Case No. 6:18-cv-262-Orl-22DCI). DUBLIN understands and agrees that the payments set forth above are all that DUBLIN is entitled to receive from D3 as settlement of the above claims against D3

5. **Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In any claim, charge, complaint or action commenced, joined, brought on behalf of, or participated in by DUBLIN related to unpaid wages claimed in this Lawsuit, DUBLIN agrees to notify the government entity or court of the existence of this Agreement and that any such claims they may have had against D3 have been resolved. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any action for breach and/or enforcement of this Settlement Agreement.

6. **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties hereto with respect to DUBLIN's wage and hour claims that he asserted in this Lawsuit, and fully supersedes any prior agreements or understandings between the Parties.

7.  **Authorization**.

The persons signing this Agreement represent and warrant that they are duly authorized to execute it on behalf of the parties and to bind said parties to the terms, conditions, provisions, duties and obligations set forth herein.

8.  **Settlement Approval and Dismissal**

The Parties will agree and consent to the jurisdiction of the United States Magistrate Judge and request that the United States Magistrate Judge review and approve this Settlement Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

9.  **Jurisdiction and Venue**

The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being a resident of Orange County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Orange County, Florida.

10. **Full Reading and Understanding; Opportunity to Consult Counsel**.

DUBLIN HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. DUBLIN AGREES THIS AGREEMENT IS WRITTEN IN A MANNER

CALCULATED TO BE UNDERSTOOD BY HIM AND THAT IF HE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, HE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HIM BY HIS ATTORNEYS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO DUBLIN ABOUT THIS AGREEMENT, OR TO INDUCE DUBLIN TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. DUBLIN AGREES THAT HE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT. DUBLIN IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS ASSERTED AGAINST D3 IN THIS ACTION (CASE NO. 6:18-cv-262-Orl-22DCI) REGARDLESS OF THE DISCOVERY OF NEW FACTS.

SPECIFICALLY, DUBLIN AGREES AND UNDERSTANDS THAT HE MAY NOT COMPROMISE HIS CLAIMS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT UNLESS HE HAS BEEN PAID ALL WAGES FOR ALL HOURS WORKED THROUGHOUT HIS EMPLOYMENT WITH D3. BY HIS SIGNATURE BELOW, HE SPECIFICALLY CONFIRMS THAT WITH THE RECEIPT OF THE SETTLEMENT SUMS REFERENCED IN PARAGRAPH 2 ABOVE, HE HAS BEEN PAID ALL SUMS TO WHICH HE MAY HAVE AN ENTITLEMENT.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and FLSA Release as of the date set forth below:

_____   _____12-3-2019_____
ERIC DUBLIN                                           Date

D3 ENVIROSCAPE, LLC.

By: Donovan Williams, President                          12/03/19
                                                          Date

_____                         12/03/19
DONOVAN WILLIAMS                                          Date